UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| The United States of America, § § Plaintiff, § § versus § § John Butler, § § Defendant. § | Criminal H-09-453 |

# Opinion on Suppression

1. *Introduction.*

   The question is whether William Hornbeak refused to consent to the search of his house. He did.

2. *Background.*

   Agents of the Federal Bureau of Investigation had an arrest warrant for William Hornbeak. On August 25, 2009, the agents with a Special Weapons and Tactics team went to Hornbeak's house in Cypress, a suburb of Houston.

   While he was standing in the doorway of his bedroom, the agents asked Hornbeak to leave his house. He refused, and they removed him to his yard. They swept it.

   As Hornbeak was held yards away, the agents asked Brittany Star Redding, who was staying at the house, to consent to a search. She agreed, signing the bureau's form. The agents searched the house. Brittany later signed an inventory for the property taken.

3. *Analysis.*

   The legality of the search depends on whether Hornbeak refused to consent to a search before Redding consented. He says he objected. The government says he did not. The agents say that they removed Hornbeak from the house before the arrest because they feared he was armed or would flee. The government's witnesses could only say that they did not hear or

recall hearing Hornbeak's refusal. When one officer at a scene hears an objection to a search, his knowledge must be imputed to the whole team. The team is a unit, representing one government, and each officer has the identical responsibilities. *See* U.S. Const., art. 6.

### A. *Arrest and Removal.*

Despite the legal nuances that are used to justify eroding the Fourth Amendment, a stop is an arrest. The word itself comes from *un arrêt* – the French word for stop. Once an officer turns on his car's blue lights behind your car, you are not free to leave. This is obvious. If you do not stop and submit to the officer's direction, he chases you and charges you with evading arrest – not evading a conversation.

Once the officers arrived at his house, Hornbeak had come to a stop. With more than ten armed men in his house and helicopters above, he was not free to leave. He had been arrested and arrested on a warrant.

Two people were in the house other than the police – Hornbeak and Redding. The building had been swept. At the point he was moved away from his house, he was in handcuffs. He presented the officers, at that point, with no risk of using a weapon or fleeing.

Although a few months before Hornbeak had evaded arrest from his house, he did nothing to endanger the officers or neighbors. The officers correctly anticipated that he would not be cooperative. Non-cooperation is not a law-enforcement exigency.

### B. *Consent.*

Where a house has multiple tenants, the police need only one occupant to consent for them to search. A search is permissible on the consent of a co-tenant, although other tenants who are not at home may be expected to have refused. *United States v. Matlock*, 415 U.S. 164 (1974). The police do not need to find potentially objecting tenants.

The absence of a potentially objecting co-tenant must be natural and not contrived. The police may not remove all the co-tenants except the one whom they believe to be the most malleable. If the police have removed someone because they suspect he may object, the search is unreasonable. *Georgia v. Randolph*, 547 U.S. 103, 121 (2006).

The agents wanted to search Hornbeak's house. The agents had grounds to get an arrest warrant. The government has offered no explanation for its not having sought a search warrant. Instead of getting a search warrant, they arrested Hornbeak. They pulled him away

from his house and asked a casual guest for permission. Instead of asking Hornbeak to consent to a search as he stood in his bedroom surrounded by a dozen officers, the agents removed him. Once he was gone, they asked for Redding's permission. She gave it. The conclusion is that the agents removed Hornbeak to avoid his objection. That is illegal.

4. Conclusion.

The available information about the search at Hornbeak's house shows it more likely than not that Hornbeak objected. If that were not the case, it is compelling that the officers removed him purposefully to avoid his obstinacy.

The evidence taken from Hornbeak's home at 10858 White Oak Trace in Cypress, Texas, on August 25, 2009, is suppressed.

Signed on March 21, 2011, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge